■ LISA WELTER, Respondent, v MICHAEL FEIGENBAUM, Appellant. [892 NYS2d 89]—

A plaintiff, in an action for negligent transmittal of genital herpes simplex II, may demand that the defendant submit to a blood test to determine if the latter indeed has the virus (*see* CPLR 3121). Since the test was ordered in conjunction with the litigation, it is not subject to the physician-patient privilege (*see* Connors, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3121:2). Even were the privilege to apply, defendant waived it by asserting the affirmative defense that he was asymptomatic (*see e.g. Dillenbeck v Hess*, 73 NY2d 278, 287-288 [1989]). Defendant's effort to limit the scope of

discovery has simply focused the issue on whether or not he has the virus. This issue is relevant to—and potentially dispositive of—the action. If the test is negative, the case will be subject to dismissal. If, on the other hand, it is positive, defendant will have an opportunity to prove his affirmative defenses that he did not have the virus in 2002, or was unaware that he had it or was asymptomatic at the time of alleged transmittal to plaintiff. Concur—Tom, J.P., and Manzanet-Daniels, J.

Andrias and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: We write separately to emphasize that we express no view on the issue of whether, if the test is positive, it is admissible at trial (*see People v Scarola*, 71 NY2d 769, 777 [1988] ["'(e)ven where technically relevant evidence is admissible, it may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury"]).